HERMES JEOVANY     )
MENDOZA-RAMIREZ,    )
       Petitioner,  )
           )
    vs.      )    **<u>ORDER</u>**
           )
UNITED STATES OF AMERICA,  )
           )
       Respondent.  )
_____ )

  **THIS MATTER** is before the Court on its own motion following the failure of Petitioner to respond to the Court's order dated December 3, 2013, ordering Petitioner to explain why his 28 U.S.C. § 2255 petition is not time-barred and further ordering Petitioner to re-submit his petition signed under penalty of perjury.  <u>See</u> (Doc. No. 5).  For the following reasons, the Court dismisses the § 2255 petition as time-barred and, alternatively, because Petitioner has failed to sign the petition under penalty of perjury.

## I.  BACKGROUND

  Pro se Petitioner pled guilty to possessing with intent to distribute cocaine, and aiding and abetting the same, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), and 18 U.S.C. § 2, and reentry of a deported alien, in violation of 8 U.S.C. §§ 1326(a) and (b)(2).  (Criminal Case No. 5:06-cr-58-RLV-CH-1, Doc. No. 23: Judgment).  On May 6, 2008, this Court sentenced Petitioner to 120 months of imprisonment on Count One, and 63 months of imprisonment on Count Two, to be served concurrently.  Judgment was entered on May 13, 2008.  (<u>Id.</u>).  Petitioner appealed, and on April 29, 2009, the Fourth Circuit Court of Appeals affirmed the

conviction and sentence.  United States v. Mendoza-Ramirez, 326 Fed. App'x 705 (4th Cir. 2009).  On June 15, 2009, the Supreme Court denied certiorari.  Mendoza-Ramirez, 57 U.S. 910 (2009).

On or around January 16, 2012, Petitioner placed the § 2255 petition in the prison system for mailing, and the petition was stamp-filed in this Court on January 20, 2012.  On December 3, 2013, this Court entered an Order giving Petitioner twenty days in which to submit a memorandum explaining why his petition is timely or, if not, the reasons why the Court should apply equitable tolling.  See Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002).  This Court also ordered Petitioner to re-submit the petition signed under penalty of perjury.  The Court expressly warned Petitioner that his failure to respond to the Court's order would subject him to dismissal without further notice.  Petitioner did not file a response to the Court's order.

## II.   DISCUSSION

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA").  Among other things, the AEDPA amended 28 U.S.C. § 2255 by imposing a one-year statute of limitations period for the filing of a motion to vacate.  Such amendment provides:

A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of-

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2255(f).

Here, Petitioner's conviction became final for purposes of § 2255(f) on June 15, 2009, when the Supreme Court denied certiorari.[1] Petitioner did not file his § 2255 motion to vacate, however, until January 20, 2012. Thus, the petition is time-barred, and Petitioner failed to file a response to this Court's <u>Braxton</u> order. This Court will, therefore, dismiss the petition as time-barred and, alternatively, because Petitioner failed to re-submit the petition signed under penalty of perjury.

### III.     CONCLUSION

For the reasons stated herein, the Court dismisses the § 2255 petition as time-barred and, alternatively, because Petitioner failed to re-submit his petition signed under penalty of perjury.

**IT IS THEREFORE ORDERED** that:

(1)     The § 2255 petition, (Doc. No. 1), is **DENIED** and **DISMISSED**.

(2)     The Clerk is directed to terminate the case.

(3)     **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. <u>See</u> 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must

---

[1]   In its <u>Braxton</u> Order, the Court incorrectly cited the date of Petitioner's final conviction as 90 days from the Fourth Circuit's opinion affirming Petitioner's conviction, or on July 28, 2009. A Westlaw search, however, indicates that Petitioner did file a petition for writ of certiorari with the Supreme Court, and the Supreme Court denied the petition on June 15, 2009.

demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).


Signed: June 24, 2014

Richard L. Voorhees
United States District Judge